Case 4:21-cv-03633   Document 1-4   Filed on 11/05/21 in TXSD   Page 1 of 8

8/23/2021 11:25 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56547693
By: Cecilia Thayer
Filed: 8/23/2021 11:25 AM

CAUSE NO. _____

| | | |
|---|---|---|
| HUGO GUERRERO DE ANDA, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v.. | § | |
| | § | ____JUDICIAL DISTRICT |
| ISAAC SCHROCK AND | § | |
| HERSHBERGER TRANSPORT, LLC, | § | |
| | § | |
| *Defendants.* | § | HARRIS COUNTY TEXAS |

**Plaintiff's Original Petition and Jury Demand**

Plaintiff Hugo Guerrero de Anda ("Plaintiff") complains of Defendants Isaac Schrock and Hershberger Transport, LLC (hereinafter referred to by name or as "Defendants") and would respectfully show the Court that:

**I.**
**Discovery Control Plan**

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

**II.**
**Jurisdiction and Venue**

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

**III.**
**Statement Regarding Monetary Relief Sought**

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## IV.
## Parties

4. Plaintiff Hugo Guerrero de Anda is an individual who resides in Harris County, Texas.

5. Defendant Isaac Schrock (Defendant Shrock) is an individual residing in Reno County, Kansas. Defendant may be served at his residence, 4717 Greenfield Rd., Hutchinson, KS 67501, or wherever he may be found.

6. Defendant Hershberger Transport, LLC is a domestic Limited Liability company conducting business Texas. Defendant may be served through its registered agent Conrad Hershberger at 306 Maple Street, Sugarcreek, OH 44681, or wherever he may be found.

## V.
## Facts

7. This lawsuit is necessary as a result of personal injuries that the Plaintiff received on or about November 20, 2020. At that time, Plaintiff was traveling on highway 610 west ramp towards 45 north in Harris County, Texas. Subsequently, Defendant Schrock was traveling on highway 610 behind Plaintiff when Defendant failed to control his speed and violently struck Plaintiff's vehicle. As a result of the crash, Plaintiff suffered bodily injuries for which Defendants are responsible.

## VI.
## Negligence of Defendant Schrock

8. Defendant Schrock committed acts of omission and commission, which constituted negligence. Such negligence was a proximate cause of the occurrence in question, the severe injuries, and the resulting damages of Plaintiff for which Defendant is legally responsible. Defendant was a proximate cause of the crash. Defendant is negligent as outlined in the paragraph below and such allegations are incorporated by reference as if set forth fully herein.

Ex3_Appendix to Notice of Removal

9. Plaintiff alleges that Defendant Schrock was negligent in one or more of the following manners:

    a. Failed to control vehicle's speed;

    b. Failed to operate the vehicle safely;

    c. Failed to keep a proper lookout;

    d. Failed to timely apply brakes;

    e. Failed to take proper evasive action;

    f. Failed to follow traffic signals;

    g. Failed to yield the right of way;

    h. Failed to keep a safe distance from Plaintiff's vehicle; and

    i. Other acts so deemed negligent.

10. Defendant's acts of omission and commission, which constituted negligence was a proximate cause of Plaintiff's injuries.

**VII.**
**Negligence of Defendant Hershberger Transport, LLC**

11. Defendant Hershberger Transport, LLC committed acts of omission and commission, which constituted negligence and negligence *per se*. Such negligence and negligence *per se* was a proximate cause of the occurrence in question, the severe injuries the Plaintiff sustained, and the resulting damages for which Defendant Hershberger Transport, LLC is legally responsible.

12. Plaintiff further alleges that Defendant Hershberger Transport, LLC was negligent in one or more of the following manners:

    a. Failure to explain and demonstrate its safety policies and procedures to Defendant Schrock;

    b. Failure to provide the necessary training to Defendant Schrock regarding the driving of the company vehicle, vehicle safety, safety classes, how to properly and safely drive

Ex3_Appendix to Notice of Removal

    the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations;

c. Failure to properly train its drivers;

d. Failure to properly train its employees, including Defendant Schrock regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances;

e. Failure to provide and/or require regular follow-up driver education and training;

f. Failure to establish an adequate safety program;

g. Failing to adequately supervise its drivers;

h. Failure to properly qualify its drivers;

i. Failure to establish adequate policies and/or adequately enforce policies for its drivers, including a policy for traveling at a safe speed, in a safe manner, and with vigilance;

j. Negligently entrusting the vehicle to its employee/driver;

k. Negligently hiring, supervising, and retaining its employee/driver who was an unqualified, an incompetent, and a careless driver;

l. Failure to monitor Defendant Schrock to make sure that he was complying with policies and procedures;

m. Failure to interview and test Defendant Schrock to make sure he had read, was familiar with, understood, and followed the company policies and procedures;

n. Failure to document and make a determination regarding fault in the collision made the basis of this suit;

o. Failure to supervise Defendant Schrock to ensure that he was keeping the tractor-trailer properly maintained;

p. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

Ex3_Appendix to Notice of Removal

## VIII.
### *Respondeat Superior* Liability

13. At the time of the collision, Defendant Schrock, the employee/driver of Defendant Hershberger Transport, LLC, was acting within the course and scope of his employment in the furtherance of his respective employer's business. Therefore, pursuant to the doctrine of *respondeat superior*, Defendant Hershberger Transport, LLC is responsible for its respective employee's/driver's negligence.

## IX.
### Negligent Entrustment

14. Defendant Hershberger Transport, LLC, its agents, successors, and assigns, were guilty of negligent and/or gross negligent entrustment, in that it knew, or should have known, that Defendant Schrock, its employee/driver, was a reckless driver given his driving history and other factors. This negligent entrustment was a proximate cause of the collision in question and the personal injuries and other damages sustained by Plaintiff. To the extent Defendant Hershberger Transport, LLC failed to ask, investigate, and/or apprise itself of Defendant Schrock's driving history, such acts and/or omissions constitute negligence that were a proximate cause of the collision, injuries, and damages as set forth in this petition.

## X.
### Gross Negligence of Defendants

15. Plaintiff shows that the conduct, acts, and omissions of Defendant Hershberger Transport, LLC, their agents, successors, and assigns, acting individually and jointly, constitute gross negligence as that term is defined in law. As a result, Plaintiff is entitled to an award of exemplary damages against Defendant Schrock and Defendant Hershberger Transport, LLC The conduct of Defendant Hershberger Transport, LLC and Defendant Schrock, their agents, employees, successors, and assigns (when viewed objectively from each Defendant's standpoint at the time of

Ex3_Appendix to Notice of Removal

the conduct) involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants and their agents, employees, successors and assigns were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff therefore, seeks exemplary damages against Defendant Hershberger Transport, LLC and Defendant Schrock.

## XI.
## Damages

16.     By virtue of the actions and conduct of the Defendants set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a. Past and future medical expenses;

   b. Past and future pain, suffering and mental anguish;

   c. Past and future physical impairment;

   d. Past and future physical disfigurement;

   e. Past lost wages and future loss of earning capacity.

   f. Property damages (including loss-of-use, cost of repairs, and diminished value).

17.     For the above reasons, Plaintiff is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court as well as pre and post-judgment interest.

## XII.
## Jury Demand

18.     Plaintiff hereby demands a trial by jury and pay the appropriate jury fee.

## XIII.
## Rule 193.7 Notice

19.     Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

Ex3_Appendix to Notice of Removal

## XIV.
## Designated E-Service E-Mail Address

20.     The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): eservice@thehuynhlawfirm.com. This is the undersigned's only e-service email address, and service through any other email address will be considered invalid.

## XV.
## Required Disclosures

21.     Pursuant to Texas Rules of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XVI.
## Prayer

For the above reasons, Plaintiff prays that he obtains judgment against Defendants with interest on the judgment at the legal rate, pre-judgment interest, costs of court, and for such other relief, both in law and equity, to which Plaintiff is justly entitled.

**[SIGNATURE BLOCK FOLLOWS ON THE NEXT PAGE]**

Ex3_Appendix to Notice of Removal

Respectfully submitted,

**THE HUYNH LAW FIRM, PLLC**

*/s/ Paul Savinov*
PAVEL "PAUL" SAVINOV
SBN: 24086698
psavinov@thehuynhlawfirm.com
SARAH Y-NHI HUYNH
SBN: 24092558
shuynh@thehuynhlawfirm.com
OSCAR A. GONZALEZ
SBN: 24120250
ogonzalez@thehuynhlawfirm.com
6100 Corporate Drive, Suite 110
Houston, Texas 77036
Tel.: (281) 702-8128
Fax: (281) 712-7170
E-Service E-mail: eservice@thehuynhlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Ex3_Appendix to Notice of Removal